**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4861**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Margaret B. Seymour, Senior District Judge. (9:15-cr-00380-MBS-3)

Submitted: May 25, 2017                                  Decided: May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Williams, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2012). The court sentenced Williams to the statutory minimum of 60 months' imprisonment and 4 years' supervised release. *See* 21 U.S.C. § 841(b)(1)(B) (2012). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court complied with Fed. R. Crim. P. 11 in accepting Williams' plea.[*] Williams was advised of his right to file a supplemental brief, but he has not done so.

Because Williams did not move in the district court to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). To establish plain error, Williams must demonstrate that the district court committed an error, the error was plain, and the error affected his substantial rights. *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant demonstrates that an error affected his substantial rights if he shows "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Sanya*, 774 F.3d 812, 817 (4th Cir. 2014) (internal

---

[*] Counsel also questions whether Williams' appellate waiver was knowing and voluntary. Because the Government has not sought to enforce the waiver, we decline to consider the validity of the waiver. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012) (explaining that this court will not enforce appellate waiver sua sponte).

quotation marks omitted).  Even if the defendant meets this demanding standard, "we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 816 (internal quotation marks omitted).

Prior to accepting a plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  Additionally, the court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises of a lenient sentence.  Fed. R. Crim. P. 11(b)(2)-(3).  After reviewing the guilty plea transcript, we conclude that the district court substantially complied with Rule 11 in accepting the plea and that any omissions did not affect Williams' substantial rights.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Williams, in writing, of his right to petition the Supreme Court of the United States for further review.  If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Williams.  We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*